IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|   |   |   |
|---|---|---|
| **PAMELA BROWN,** | : | |
| **Plaintiff,** | : | |
| v. | : | CIVIL NO. 07-cv-2681 |
| | : | |
| **MICHAEL J. ASTRUE** | : | |
| **Defendants.** | : | |

### ORDER

**AND NOW**, this 14th day of February, 2008, after review of the Report and Recommendation of U.S. Magistrate Judge Thomas J. Rueter, to which no objections have been filed, and the Administrative Record, it is hereby,

**ORDERED** that the Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

**ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED**;

**ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**;

**ORDERED** that this case is **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405 (g) to further develop the record in accordance with the Report and Recommendation;

---

[1] The Court herein adopts Judge Rueter's articulate and well-reasoned Report and Recommendation. As set forth in the R&R, the Administrative Law Judge ("ALJ")'s decision is not supported by substantial evidence, see 42 U.S.C. § 405 (g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Williams v. Sullivan, 970 F.2d 1178 (3d Cir. 1992). The ALJ's duty to develop a complete record is heightened when a plaintiff is *pro se*. Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d. Cir. 1979). The ALJ has a duty not only to explain what evidence was considered in making his determination, but also some indication of the evidence that was rejected. Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981). Judge Rueter found that the ALJ did not expressly analyze Plaintiff's depression, nor her ability to perform work, concluding that the decision was not supported by substantial evidence.
    As Judge Rueter highlights, the record contains several instances where doctors noted Plaintiff's depression, in addition to various anti-depressant medications she was taking. The presence of a mental condition may not automatically qualify as a severe disability, but it may not be completely ignored by the ALJ. Plummer v. Apfel, 186 F.3d 422, 434 (3d Cir. 1999). The case should therefore be remanded for proper consideration of Plaintiff's mental condition by the ALJ.

The Clerk of Court is directed to **CLOSE** this case.

It is so **ORDERED**.

                                            **BY THE COURT:**
                                            /s/ **Cynthia M. Rufe**

                                            _____
                                            **CYNTHIA M. RUFE, J.**